**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

KIRSTIN KURLANDER,
on behalf of herself and others similarly situated,

Plaintiff,

v.

KROENKE SPORTS & ENTERTAINMENT, LLC,

Defendant.

**CLASS ACTION COMPLAINT**

Plaintiff Kirstin Kurlander and others similarly situated, all Pepsi Center patrons who are deaf or hard of hearing, by and through their counsel, the Civil Rights Education and Enforcement Center, hereby submit this Class Action Complaint for violations of Title III of the Americans with Disabilities Act ("ADA") and the Colorado Anti-Discrimination Act ("CADA").

**INTRODUCTION**

1. Ms. Kurlander brings this suit because Defendant Kroenke Sports & Entertainment, LLC ("KSE") fails to provide captioning of audio content at events taking place at the Pepsi Center and otherwise fails to provide patrons who are deaf or hard of hearing effective communication, as required by the ADA and CADA.

2. The Pepsi Center is home to the National Hockey League's Colorado Avalanche, the National Basketball Association's Denver Nuggets, and the National Lacrosse League's Colorado Mammoth, and is also the venue of a number of concerts and other events each year.

1

3. Defendant KSE installed a new state-of-the-art JumboTron scoreboard in 2013, yet failed to incorporate captioning technology.

4. Captioning uses text to convey audio information and announcements at the venue. Without captioning, patrons who are deaf or hard of hearing cannot fully participate in the audience experience at the Pepsi Center.

5. Defendant's failure to provide captioning and other auxiliary aids and services denies Ms. Kurlander and the Class effective communication required by the ADA and CADA, and therefore denies them the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Pepsi Center.

## JURISDICTION AND VENUE

6. This action arises under the laws of the United States. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343 for the federal law claim, and 28 U.S.C. § 1367 for the state law claim.

7. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

8. Plaintiff Kirstin Kurlander is a resident of Colorado. She is an individual with a disability because she is substantially limited in major life activities, including hearing. Ms. Kurlander lost 100% of her hearing during a surgery at the age of 22.

9. Defendant Kroenke Sports & Entertainment, LLC ("KSE") is a Colorado limited liability company with its principal place of business in Denver, Colorado. KSE owns, operates, and/or leases (and/or leases to others) the Pepsi Center.

## CLASS ACTION ALLEGATIONS

10. Ms. Kurlander brings this action on her own behalf and, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all other persons similarly situated. The Class consists of all Pepsi Center patrons who are deaf or hard of hearing and who are not able to hear using assistive listening devices.

11. The exact size of the Class, though unknown to Ms. Kurlander, is so numerous that joinder of all members is impracticable.

12. Common questions of law and fact that apply to all members of the Class include, but are not limited to:

   a. whether Defendant's failure to provide effective communication during events at the Pepsi Center constitutes a violation of Title III of the ADA and CADA;

   b. whether Defendant is required to provide captioning on the JumboTron; and

   c. whether Defendant is required to provide sign language interpreters without requiring patrons to move to less desirable seats.

13. The claims of Ms. Kurlander are typical of the claims of the Class. Like the putative Class members, Ms. Kurlander is a deaf individual who has attended numerous events at the Pepsi Center. During many of these visits, she was denied effective communication on the basis of disability.

14. Ms. Kurlander, through counsel, will fairly and adequately protect the interests of the Class as a whole. Ms. Kurlander does not have any conflicts with the Class and has retained counsel experienced in disability rights and class action litigation.

15. Defendant has acted on grounds that apply generally to the Class as a whole, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole. Specifically, Defendant has denied effective communication to the Class as a whole, and that violation can be remedied by an injunction requiring, among other things, that captioning be provided at the Pepsi Center and that, when effective communication is provided through sign language interpreters, patrons who are deaf or hard of hearing not be required to relocate seats away from their companions or to less desirable locations.

## FACTUAL ALLEGATIONS

16. The Pepsi Center is a sports and entertainment venue in Denver, Colorado.

17. The Pepsi Center is home to the Denver Nuggets, Colorado Avalanche, and Colorado Mammoth professional sports teams.

18. Defendant installed a new "JumboTron" scoreboard in the Pepsi Center in 2013.

19. Defendant has stated that the JumboTron was one of the largest of its kind in the world.

20. The JumboTron spans the area from three-point line to three-point line when the arena is set up for basketball, and from blue line to blue line when it is set up for hockey.

21. Ms. Kurlander has attended numerous events at the Pepsi Center, including Denver Nuggets games, Colorado Mammoth games, Cirque du Soleil, and the Harlem Globetrotters.

22. Ms. Kurlander has been denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Pepsi Center because she is unable

to hear any audio elements of the experience, including announcements made to the crowd over the public address system.

23. Defendant does not provide captioning during events at the Pepsi Center, and therefore fails to provide Ms. Kurlander and others similarly situated effective communication.

24. On several occasions, Ms. Kurlander attempted to arrange for a sign language interpreter at the Pepsi Center, but on each occasion she was told she would have to move to a different location, away from her friends and family, generally to less desirable seats, to take advantage of this mode of communication.

25. Defendant fails to provide captioning to patrons at the Pepsi Center who are deaf or hard of hearing even though resources and technology are available.

26. Agencies all over the country are available to provide captioning service live or remotely.

27. Daktronics, the company that designed, manufactured, and installed the Pepsi Center's JumboTron, provides captioning services.

28. The harms described above are continuing and, unless enjoined by this Court, will continue in the future.

29. Ms. Kurlander and the Class would like to be able to attend – and fully enjoy – events at the Pepsi Center without discrimination on the basis of disability in the future.

**FIRST CLAIM FOR RELIEF**
(Violation of Title III of the ADA)

30. Plaintiff incorporates herein by reference all other paragraphs of this Complaint as if those allegations were set out explicitly herein.

31. Title III of the ADA prohibits discrimination on the basis of disability by entities who own, operate, lease or lease to places of public accommodation. 42 U.S.C. § 12182 *et seq*.

32. Ms. Kurlander and members of the Class are individuals who are deaf or hard of hearing and are therefore substantially limited in major life activities, including hearing. As such, they are individuals with disabilities within the meaning of the ADA. 42 U.S.C. § 12102.

33. The Pepsi Center is a place of public accommodation as that term is used in Title III of the ADA. 42 U.S.C. § 12181(7).

34. Defendant owns, operates, and/or leases (and/or leases to others) the Pepsi Center.

35. Defendant has discriminated against Ms. Kurlander and the Class on the basis of disability. Such discrimination includes but is not limited to the failure to provide auxiliary aids and services and the failure to provide communication equally effective to that provided to others.

36. As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Ms. Kurlander and the Class on the basis of disability in the full and equal enjoyment of the Pepsi Center in violation of Title III of the ADA and its implementing regulations.

**SECOND CLAIM FOR RELIEF**
(Violation of CADA, C.R.S. § 24-34-601, *et seq.*)

37. Plaintiff incorporates herein by reference all other paragraphs of this Complaint as if those allegations were set out explicitly herein.

38. C.R.S. § 24-34-601(2) provides that "[i]t is a discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an individual or a group,

because of disability . . . the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation . . . ."

39. The Pepsi Center is a place of public accommodation as defined by CADA. C.R.S. § 24-34-601(1).

40. Defendant's failure to provide captioning and other auxiliary aids and services discriminates against Ms. Kurlander and the Class because it denies them the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Pepsi Center in violation of CADA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

1. That this Court assume jurisdiction;

2. That this Court certify the Class identified in paragraph 10 pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure;

3. That this Court declare the actions and omissions of Defendant described in this Complaint to be in violation of Title III of the ADA and CADA;

4. That this Court enter an injunction ordering Defendant to cease discrimination on the basis of disability against patrons who are deaf or hard of hearing and to comply with the ADA and CADA;

5. That this Court award damages pursuant to CADA;

6. That this Court award Plaintiff her reasonable attorneys' fees and costs;

7. That this Court award such additional or alternative relief as may be just, proper, and equitable.

Respectfully Submitted,

*/s/  Amy F. Robertson        .*
Amy F. Robertson
Civil Rights Education and Enforcement Center
104 Broadway, Suite 400
Denver, CO 80203
Phone: (303) 757-7901
arobertson@creeclaw.org


Date:  November 10, 2016

Plaintiff's address:

6280 S. Iola Court
Englewood, CO  80111